UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT E. STEWART, | Case No. 2:16-CV-2019 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, et al., | |
| Defendant(s). | |

Presently before the court is defendants State of Nevada, Sommer Westbay, and Ronnie Montoya's (collectively "defendants") motion to dismiss. (ECF No. 24). Plaintiff Robert E. Stewart has not filed a response, and the time for doing so has since passed.

Also before the court is defendants' motion for summary judgment. (ECF No. 25). Plaintiff has not filed a response, and the time for doing so has since passed.

Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52. In *Ghazali*, defendants filed a motion to dismiss. *Id.* at 53. Plaintiff, who represented himself *pro se*, failed to oppose defendants' motion. *Id.* at 54. The court granted defendants' motion based on plaintiff's failure to file an opposition. *Id.* at 53. The Ninth Circuit upheld the decision of the district court. *Id.* at 54. "[P]ro se litigants are bound by the rules of procedure. [Plaintiff] did not follow them, and his case was properly dismissed." *Id.*

"Before dismissing an action [for failure to follow local rules], the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the

**James C. Mahan**
**U.S. District Judge**

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, as plaintiff has not opposed the motion to dismiss, it has consented to the granting of the motion. LR 7-2(d). Further, the *Ghazali* factors favor dismissal of plaintiff's complaint. *See* 46 F.3d at 54. Plaintiff has failed to provide the court with an updated address since his release and has failed to appear since filing a motion to extend prison copywork limit on September 1, 2017. (ECF Nos. 18, 21). Plaintiff's failure to appear prejudices defendants and strains the court's ability to manage its docket. *See id.* In addition, the court has reviewed defendants' motion, and the motion presents meritorious arguments that favor dismissal of plaintiff's complaint.

As the court will grant defendants' motion based on plaintiff's failure to respond, which defendants highlight in their notice of non-opposition, (ECF No. 28), the court will dismiss plaintiff's complaint without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (ECF No. 24) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 25) be, and the same hereby is, DISMISSED as moot.

IT IS FURTHER ORDERED that plaintiff's complaint be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

The clerk shall enter judgment accordingly and close the case.

DATED June 28, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**